IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01134–PAB–KMT

GEORG K. HILL,

    Plaintiff,

v.

THE CITY OF AURORA, COLORADO, a municipal corporation,

    Defendant.

## ORDER

This matter is before the court on "Defendant's Motion to Strike Plaintiff's (First) Motion to Compel Defendant to Surrender, to the Court for an "In Camera Review and Ruling by the Court, as to the Efficacy of Defendant's Objections to Plaintiff's (Amended) (First) Set of Requests For: Production of Documents (From Defendant to Plaintiff), All Rule 26 and 34 Discovery Information Not Disclosed to Plaintiff in 'Defendant's Responses to 'Plaintiff's (Amended) (First) Set of Requests For: Production of Documents (From Defendant to Plaintiff)" [Doc. No. 37]" (hereinafter "Mot. to Strike #37") filed December 29, 2010 [Doc. No. 56] and on "Defendant's Motion to Strike Plaintiff's (First) Motion to Compel Defendant to Disclose, to Plaintiff, All Rule 26 and 34 Discovery Information, Demanded in Plaintiff's (Amended) (First) Set of Requests for: Production of Documents (From Defendant to Plaintiff), Not Disclosed to Plaintiff in 'Defendant's Responses to 'Plaintiff's (Amended) (First) Set of Requests For:

Production of Documents (From Defendant to Plaintiff)' [Doc. No. 38]" (hereinafter "Mot. to Strike #38") filed on the same day. [Doc. No. 57.]

Both Plaintiff, in his original Motions to Compel [Doc. Nos. 37 and 38] and Defendant in both the motions at issue herein and in its Responses to the Motions to Compel [Doc. Nos. 58 and 59] set forth the Plaintiff's attempt to comply with D.C.COLO.LCivR 7.1A prior to filing the Motions to Compel. There appears to be no dispute that on or about December 2, 2010, Plaintiff sent an email outlining the lengthy and almost incomprehensible captions of three proposed motions to Defendant and asked on several occasions whether the Defendant objected to the filing of the Motions. (See, e.g., Mot. to Strike #37, Ex. C [Doc. No. 57-3].) It is also not disputed that twice on the following day Defendant responded requesting that Plaintiff identify what issues Plaintiff wanted to address in any motion to compel, asking first "What is your issue with our responses?" (*Id*. at 6.) Defendant thereafter sent an emailed letter to Plaintiff explaining that defense counsel was unable to understand the crux of Plaintiff's dissatisfaction with the discovery provided based solely on the captions of three proposed motions and asked Plaintiff to provide specificity as to what the issues needed to be resolved. (*Id.* at 8.) In that letter the Defendant stated, "Obviously, we object" but also set forth counsel's understanding of the obligation to meaningfully confer about the actual issues. (*Id*.) Within five minutes Plaintiff, without any attempt to define or clarify the issues, stated, "Since you object, that 'position,' along with this letter will be included with our motions." (*Id*. at 10.)

Local rule of practice 7.1A, D.C.COLO.LCivR, requires that parties confer in good faith before they file a motion to compel. It is well known to the bar of this court and states:

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a pro se party <u>to resolve the disputed matter</u>. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

*Id.* (emphasis added.)

The language of Rule 7.1A is important and the requirement is not satisfied by a party making a demand for compliance. As noted by Magistrate Judge Boland in *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D. Colo. 2003),

> To confer means "to hold a conference; compare views; consult together." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 278-79 (Ninth Printing 1971). The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion to compel and does not suggest any negotiation or compromise. Nor, in my view, would a single letter or a single voice message satisfy the requirements of Rule 7.1A. (internal citation omitted). Rather, to satisfy the requirements of Rule 7.1A, the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate.

*Id*. at 635-636. In this case, the Plaintiff made no effort, in spite of several requests, to explain the contested issues to defense counsel and attempt to reach any agreement or compromise. In this instance the court finds Plaintiff's counsel's efforts do not constitute reasonable efforts to confer in good faith and actually repudiated attempts by the Defendant's counsel to converse, confer, compare views, consult and deliberate." *Id. See also Pappas v. Frank Azar & Assoc., P.C.*, 06-cv-01024-MSK-BNB, 2008 WL 652318, *2 (D. Colo. March 10, 2008) (moving counsel failed to initiate a conference in which the parties could intelligently and meaningfully

confer about the amount of costs and fees claimed); *Auguste v. Alderden*, 03-cv-02256-WYD-KLM, 2008 WL 3211283, *1 (D. Colo. August 6, 2008).

Although the court is loathe to strike pleadings as to which responses have already been filed, it is apparent that communication between counsel and a genuine effort to resolve the discovery disputes would be valuable in this case.  Plaintiff appears to be unaware that while Fed. R. Civ. P. 33(b) requires that an interrogatory must be answered <u>to the extent it is not objectionable</u> and requires a party to answer where possible, *Greystone Const., Inc. v. Nat'l. Fire & Marine Ins. Co*., 07-cv-00066-MSK-CBS, 2008 WL 795815, *6 (D. Colo. March 21, 2008), the Rules also provide that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4); *Munoz v. Citywide Banks of Colorado, Inc.,* 09-cv-01124-PAB-MEH, 2010 WL 2650042, *2 (D. Colo. June 30, 2010).  As to almost all of the discovery requests to which the Motions to Compel are directed, the defendant has set forth objections so as not to be waived, but Defendant has responded as well with sworn answers and over 1000 pages of discovery.  Plaintiff has, in his current Motions to Compel, failed to state with particularity exactly what about the response itself – as opposed to any interjected objection – to any particular discovery request is inadequate.

Therefore, it is **ORDERED**

1. "Defendant's Motion to Strike Plaintiff's (First) Motion to Compel Defendant to Surrender, to the Court for an in Camera Review and Ruling by the Court, as to the Efficacy of Defendant's Objections to Plaintiff's (Amended) (First) Set of Requests For: Production of Documents (From Defendant to Plaintiff), All Rule 26 and 34 Discovery Information Not

Disclosed to Plaintiff in 'Defendant's Responses to 'Plaintiff's (Amended) (First) Set of Requests For: Production of Documents (From Defendant to Plaintiff)' [Doc. No. 37]" **[Doc. No. 56]** is **GRANTED** and Doc. No. 37 will be **stricken** for failure to comply with D.C.COLO.LCivR 7.1A; and,

2. "Defendant's Motion to Strike Plaintiff's (First) Motion to Compel Defendant to Disclose, to Plaintiff, All Rule 26 and 34 Discovery Information, Demanded in Plaintiff's (Amended) (First) Set of Requests for: Production of Documents (From Defendant to Plaintiff), Not Disclosed to Plaintiff in 'Defendant's Responses to 'Plaintiff's (Amended) (First) Set of Requests For: Production of Documents (From Defendant to Plaintiff)' [Doc. No. 38]" **[Doc. No. 57]** is **GRANTED** and Doc. No. 38 will be **stricken** for failure to comply with D.C.COLO.LCivR 7.1A; and,

3. The Motions Hearing scheduled for February 9, 2011 at 10:00 a.m. is **VACATED**.

Dated this 4th day of January, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge