IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01134–PAB–KMT

GEORG K. HILL,

     Plaintiff,

v.

THE CITY OF AURORA, COLORADO, a municipal corporation,

     Defendant.

---

**ORDER**

---

This matter is before the court on the "Order to Show Cause" [Doc. No. 66] filed

February 7, 20111.

*Background*

On October 13, 2010, this court issued an "Order Setting Settlement Conference" fixing

the date for the conference as February 8, 2011 at 1:30 p.m.  [Doc. No. 26 (hereinafter "S.C.

Order").]  The S.C. Order provided that "counsel shall prepare and submit two settlement

documents: one to be submitted to the other party or parties, and one Confidential Settlement

Statement to be submitted by e-mail only to Magistrate Judge Tafoya."  (*Id*. at 2.)  The court

outlined in detail the information to be contained in the confidential settlement statements and

stated the required settlement submissions were due "no later than five business days prior to the

date of the settlement conference." (*Id*. at 3.)  Pursuant to the Order, confidential settlement statements were due, therefore, on or before February 1, 2011.

Plaintiff did not submit to the court or to opposing counsel the settlement statements required by the court's Order on February 1, 2011.  Instead, on February 4, 2011 at approximately 12:52 p.m., after multiple calls from the court's deputy clerk inquiring about the missing confidential settlement statement, Plaintiff filed, "Plaintiff's (Nonresponsive) Motion To: Vacate and Reset, for Good Cause Shown and for the Sake of Judicial Economy, the Settlement Conference, Set by [Doc. No. 26], for 1:30 pm, on Tuesday, February 8, 2011."  The motion requested that the court consider a "global" settlement of all Plaintiff's pending cases but did not put forth any reason why such a global resolution could not be discussed or accomplished during the current setting on February 8, 2011.  The defendant, having complied with the court's Order and having made arrangements for the appearance at the conference of state court Judge Richard Weinberg, objected to the last minute cancellation of the settlement conference.  [Doc. No. 64.]

On February 7, 2010, this court entered the Order to Show Cause directed to the Plaintiff concerning his failure to provide a confidential settlement statement in advance of the settlement conference and setting forth the court's multiple telephone calls to Plaintiff's counsel attempting to obtain the required statement.  The court then ordered, "Plaintiff shall, on or before February 11, 2011, show cause in writing if any he has why he should not be ordered to pay Defendants' costs and fees incurred in preparing for the settlement conference, including in the preparation of Defendants' confidential settlement statement."  [Doc. No. 66 at 2.]

2

By way of response, the Plaintiff filed "Plaintiff's Reply to: Order to Show Cause [Doc. No. 66]" ("Reply") on February 11, 2011.  In that Reply, Plaintiff stated, "[i]f it please the Court, Plaintiff has no problem, if both properly documented and properly ordered by the Court, in paying sanctions, including costs and fees, unless . . ." and thereafter listed four categories of costs to which the plaintiff objected.  Those included: "Reimbursed Fees and/or Costs for Salaried City of Aurora Employees"; "Fees and/or Costs for Judge Richard Weinberg Not Being on the Bench"; "Fees and/or Costs for Monies Saved by Defendant Using 'In-House' Relief Judges"; and, "Rates of Attorney's Fees/Costs."[1]  Given the remaining arguments in the Reply and in spite of Plaintiff's initial salutation as noted above, the Court interprets this Reply as an objection to being required to pay the costs and fees associated with the Defendant's preparation for the settlement conference, including drafting and submitting their confidential settlement statement.  Neither Plaintiff nor his counsel, however, offered any excuse or reason for the failure to comply with the court's order.

"Defendant's Accounting of the Costs and Fees Incurred in Preparation for the Settlement Conference" together with the "Attorney Fee Affidavit of Attorney Timothy P. Schimberg" [Doc. No. 71] was filed February 14, 2011.  Plaintiff filed no response or objection to Defendant's Accounting.

---

[1] Although somewhat unclear to the court, this last category appears to be an argument that since Defendant City of Aurora, Colorado has attorneys on its payroll, Plaintiff should not have to pay attorney's fees incurred by outside retained counsel.

*Analysis*

Based upon the facts set forth above and in the Order to Show Cause, the court now finds that the Plaintiff willfully violated this Court's S.C. Order, forcing the court to cancel and vacate the settlement conference after both the court and opposing counsel had expended considerable time and effort to prepare. The behavior of Plaintiff's counsel caused the court to waste judicial resources in reading Defendant's detailed and lengthy settlement materials and preparing for the conference. Further, the behavior of Plaintiff's counsel caused the defendant to expend money in attorney fees paid to litigation counsel to prepare their settlement materials.

Rule 16(a)(5) of the Federal Rules of Civil Procedure provides the court with authority to order the parties to appear for a conference to discuss settlement of the case. The court notes that the setting of the conference, including the date and time, was discussed during the Scheduling Conference held on October 12, 2010 [Minutes, Doc. No. 24] wherein counsel for plaintiff appeared and participated. Sanctions for failing to comply with a court order in this respect are available under Rule 16(f), which states:

> (f) Sanctions.
> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> (C) fails to obey a scheduling or other pretrial order.
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed R. Civ. P. 16(f); *See Pace v. United Services Automobile Assoc.*, 2007 WL 2022059, *2 -3

(D. Colo. 2007).  The Tenth Circuit has stated in *Matter of Baker*, 744 F.2d 1438 (10th

Cir.1984)[2]

> [i]t is clear from the language and the context in which this amendment to the
> Rule [16(f)] was enacted that neither contumacious attitude nor chronic failure is
> a necessary threshold to the imposition of sanctions.  The intent is to impose the
> sanction where the fault lies.  It is not necessary that the party or the party's
> lawyer be in violation of a court order as required for the application of Rule
> 37(b)(1), Federal Rule of Civil Procedure."

*Id.* at 1440-41.  Moreover, the Tenth Circuit further stated:

> We are not dealing here with the historic concept of contempt. We are not dealing
> with the traditional award of attorney's fees as an adjunct of success in litigation.
> Nor are we dealing with the defiant refusal of an attorney or party to comply with
> some order of the court, such as discovery.  Instead, we are dealing with the
> matter most critical to the court itself: management of its docket and avoidance of
> unnecessary burdens on the tax-supported courts, opposing parties or both.  The
> primary purpose of sanctions in this context is to insure reasonable management
> requirements for case preparation.  The secondary purpose is to compensate
> opposing parties for inconvenience and expense incurred because of any
> noncompliance with the reasonable management orders of the court.  Of course
> the trial court has discretion to withhold the award of expenses, including

---

[2] The *Baker* court dealt with the previous incarnation of Rule 16(f) which read, "If a party
or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on
behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is
substantially unprepared to participate in the conference, or if a party or party's attorney fails to
participate in good faith, the judge, upon motion or the judge's own initiative, may make such
orders with regard thereto as are just, and among others any of the orders provided in Rule
37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the
party or the attorney representing the party or both to pay the reasonable expenses incurred
because of any noncompliance with this rule, including attorney's fees, unless the judge finds
that the noncompliance was substantially justified or that other circumstances make an award of
expenses unjust."  The substance of the Rule has not substantially changed in the context of this
court's findings.

> reasonable attorney's fees, on an affirmative finding that the noncompliance was
> substantially justified or that other circumstances would make the award unjust.

*Id.* at 1441.

The court finds the failure of Plaintiff to comply with the court's Order was not substantially justified – in fact it was not even explained.  It is therefore **ORDERED** that Plaintiff and his counsel, Derek W. Cole, jointly and severally, shall pay to the Defendant as sanctions for disobedience and noncompliance to the court's Order a reasonable sum to compensate the defendant for expense incurred because of such noncompliance.

### *Reasonable Fees and Costs*

Defendant requests fees and costs in the amount of $1,348.00 for drafting, reviewing and submitting Defendant's confidential settlement statement, costs of printing materials for the court and others and costs associated with obtaining a "relief judge" to handle Judge Richard Weinberg's docket so that he could be present at the settlement conference.[3]  [Doc. No. 71.] Attorney Schimberg claims he expended 4.8 hours of time billed at a negotiated rate with Aurora of $220.00 per hour. [Schimberg Aff. [Doc. No. 71-1] ¶¶ 11-12.]  Further, the Defendant incurred printing costs for 105 pages of material (the confidential settlement statement and exhibits), four copies of each 105 page packet, at $.10 per page resulting in $42.00 in printing costs.  The cost for the "relief judge" was $250.00.

---

[3] Defendant admits the "relief judge" could have been cancelled when the court's order was received vacating the settlement conference, but the Defendant chose not to do so out of comity for the substitute judge.

In *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir.1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating:

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Id.* at 1281. The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances", *id.*; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).

Based on the court's experience with the fees and rates of attorneys practicing in the District of Colorado federal court, the court finds the hourly rate charged by the Timothy Schimberg as a partner in his own law and an attorney since 1971 with considerable experience is well below prevailing market rates. Further, the hours expended are also reasonable given the complexity of the case and the length and depth of the confidential settlement statement submitted to the court. Presumably, Plaintiff does not disagree since he filed no objection to either the hourly rate claimed by Mr. Schimberg or the number of hours expended on the project.

The court, however, will disallow the costs of printing of materials. The court received its copy of the statement and the exhibits via email in electronic format. If the court could read and review the documents in electronic format, there is no reason why the attorneys and Judge Weinberg could not similarly forgo the expense of printing. Only one printed version of the materials, to be used during the conference, was actually required. Further, although the court

7

understands the defendant's decision not to cancel at the last minute a relief judge previously retained, the court finds that such a decision was one made by the defendant based on retaining the good will of its relief judges and therefore should not be the responsibility of the plaintiff.

Therefore, it is **ORDERED**

Defendant is awarded attorneys fees against Plaintiff and Plaintiff's counsel, Derek W. Cole, jointly and severally, in the total amount of $1,056.00 as a sanction pursuant to Fed. R. Civ. P. 16(f).

Dated this 15th day of April, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge