IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01134–PAB–KMT

GEORG K. HILL,

    Plaintiff,

v.

THE CITY OF AURORA, COLORADO, a municipal corporation,

    Defendant.

## ORDER

This matter is before the court on "Defendant's Fed. R. Civ. P. 37 Motion to Compel Answers to Defendant's First Set of Interrogatories" [Doc. No. 83], "Defendant's Fed. R. Civ. P. 37 Motion to Compel the Deposition of Plaintiff" [Doc. No. 84] and "Defendant's Fed. R. Civ. P. 37 Motion to Compel Plaintiff to Respond To Defendant's Second Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents to Plaintiff" [Doc. No. 85], all filed on April 28, 2011.  On April 29, 2011 the Court ordered Plaintiff to file a response to each of the Motions on or before May 20, 2011.  [Doc. No. 87.]  To date, no response has been filed by the Plaintiff.  The court therefore concludes and finds that the Plaintiff does not object to the relief requested and confesses the motions.

Fed. R. Civ. P. 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "[f]or good cause, the

court may order discovery of any matter relevant to the subject matter involved in the action."

Fed. R. Civ. P. 26(b)(1). The Tenth Circuit recently explained:

> Rule 26(b) will not permit unlimited discovery. Rule 26(b)(1) permits discovery only of relevant information and the discovery must appear reasonably calculated to lead to the discovery of admissible evidence. Moreover, all discovery is limited by Rule 26(b)(2), which protects against, *inter alia*, overly burdensome discovery requests, discovery of cumulative materials, and overly costly discovery requests.

*Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (internal citations omitted). Rule 26(e) requires a party to supplement or correct a response to an interrogatory, request for production, or request for admission if "the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A).

Fed. R. Civ. P. 37(a) governs the filing of motions to compel disclosure or discovery. The Rule provides,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). A motion to compel a discovery response may be made if, for example, "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(iii). Under Rule 37, "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(5) addresses payment of expenses upon resolution of a motion to compel. If a court grants a motion to compel discovery, "the court

must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A)(emphasis added).  The directive to the court is mandatory.  However, "if the [objection to the] motion was substantially justified or other circumstances make an award of expenses unjust," the court must not order such a payment.  *Id.*

In this case, after consultation, the plaintiff's attorney objected to the discovery motions. Thereafter, in spite of receiving an order from the court requiring a response by May 20, 2011, the plaintiff did not respond and did not provide any rationale or explanation for his objection or for why he felt the discovery should not be ordered.  Therefore, there was no showing whatsoever that plaintiff was substantially justified in not providing the discovery or in opposing the motions to compel.  Therefore, an award of costs associated with bringing the three motions are mandated by the Rule.

Therefore, it is **ORDERED**

1.  "Defendant's Fed. R. Civ. P. 37 Motion to Compel Answers to Defendant's First Set of Interrogatories" [Doc. No. 83] is GRANTED.  Plaintiff is required to supplement his answers to Defendant's First Set of Interrogatories numbers 6, 7, 8, 10, 12, 14, 15, 17-26, 28, 29, 30 and 31 with the specific information requested in the Interrogatories and in Defendant's April 15, 2011 Conferral Letter (Exhibit C to Doc. No. 83) on or before **June 20, 2011;** and

2.  "Defendant's Fed. R. Civ. P. 37 Motion to Compel the Deposition of Plaintiff" [Doc. No. 84] is GRANTED.  Plaintiff is required to submit to an oral deposition at a mutually

convenient time for the parties in accordance with Fed. R. Civ. P. 30(a)(1) but in any event no later than **June 20, 2011;** and

    3.    "Defendant's Fed. R. Civ. P. 37 Motion to Compel Plaintiff to Respond To Defendant's Second Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents to Plaintiff" [Doc. No. 85] is GRANTED as follows:

    a.    Plaintiff is required to respond in full to Defendant's Second Set of Interrogatories and Requests for Production of Documents on or before **June 20, 2011**; and

    b.    Plaintiff is deemed to have admitted each of the Requests for Admissions in Defendant's Second Set of Requests for Admissions due to his failure to respond; and

    4.    Having determined there are no issues in dispute with respect to the three discovery motions, the hearing currently set for June 6, 2011 at 9:30 a.m. is **VACATED**; and

    5.    Defendant shall file an itemization of costs, including attorney's fees, associated with efforts to obtain the discovery requested, including the filing of the three motions on or before **June 20, 2011.**

**The plaintiff is further advised** that Rule 37(b)(2)(A)(v) states: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.  They may include . . . (v) dismissing the action or proceeding in whole or in part; . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v); *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir.1992).

In *Ehrenhaus*, the Tenth Circuit affirmed a district court's imposition of an order dismissing the plaintiff's complaint with prejudice as a sanction under Rule 37. *Id*. A trial court considering Rule 37 sanctions "should ordinarily" consider various criteria "on the record" prior to dismissing a complaint. *Id*. These criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id*. (internal citations omitted).

Plaintiff and his counsel have been previously counseled about correct discovery procedures [Doc. No. 61] and has been sanctioned in connection with an Order to Show Cause. [Doc. Nos. 66, 81.] Should the plaintiff again to choose to directly disobey discovery orders and responsibilities, including this one, this court will consider a recommendation to the District Court for dismissal with prejudice.

Dated this 1st day of June, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge