IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01134-PAB-KMT

GEORG K. HILL,

    Plaintiff,

v.

THE CITY OF AURORA, COLORADO, a municipal corporation,

    Defendant.

## ORDER

    This matter is before the Court on defendant's motion to consolidate [Docket No. 72] pursuant to Federal Rule of Civil Procedure 42(a).  Defendant requests that the Court consolidate the present action ("Hill 1") with Case No. 11-cv-00010-MSK-KMT ("Hill 2"), which plaintiff filed against defendant on January 3, 2011.  The motion was properly filed in this action since, pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted.  *See* D.C.COLO.LCivR 42.1.

    "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions. . . ."  Fed. R. Civ. P. 42(a)(2); *see* D.C.COLO.LCivR 42.1.  The decision whether to consolidate is committed to the sound discretion of the district court.  *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  Rule 42(a) affords courts with "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while

providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2nd ed.1995)).

A review of the operative complaints in the two actions reveals that they allege substantially similar facts against the same defendant. *Compare* Docket No. 1, ¶¶ 13-74 *with* No. 11-cv-00010-MSK-KMT, Docket No. 1, ¶¶ 15-53, 56-58, 61, 63, 72-77, 83. Based upon those facts, both complaints assert three Title VII claims alleging disparate treatment, harassment, and retaliation and seek the same relief. *Compare* Docket No. 1, ¶¶ 58-73 *with* No. 11-cv-00010-MSK-KMT, Docket No. 1, ¶¶ 84-103. Considering both judicial economy and fairness to the parties, *see Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982), the Court finds that consolidation is warranted. Consolidation in this instance will eliminate the need for two judicial officers to address and rule on these substantially similar matters.

Plaintiff failed to respond to the motion to consolidate. Instead, he filed motions to amend his complaint in each case in order to "clarify the factual and cause of action differences between" the two cases. *See, e.g.*, Docket No. 77 at 2. The two proposed amended complaints, however, continue to assert the three same claims arising from substantially similar facts against the same defendant. Therefore, if plaintiff's motions to amend are granted, consolidation will remain an efficacious approach to managing the two actions.

For the foregoing reasons, it is

**ORDERED** that defendant's motion to consolidate [Docket No. 72] is GRANTED.

The later-filed case, which is now Civil Action No. 11-cv-00010-PAB-KMT, shall be consolidated with this action. The captions of all future filings shall reflect the same.

DATED June 8, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge