IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01134–PAB–KMT (consolidated with 11–cv–00010–MSK–KMT)

GEORG K. HILL,

    Plaintiff,

v.

THE CITY OF AURORA, COLORADO, a municipal corporation,

    Defendant.

---

## ORDER

---

This matter is before the court on Plaintiff's "Motion for Leave to File (Amended) Complaint" filed in Civil Action No. 10-cv-01134-PAB-KMT (Hill I) (Doc. No. 77) and Plaintiff's "Motion for Leave to File (Amended) Complaint" filed in Civil Action No. 11-cv-00010-MSK-KMT (Hill II) (Doc. No. 19).

Plaintiff filed suit against the City of Aurora on May 14, 2010 in Hill I. (*See* Hill I, Doc. No. 1 [Compl.].) He asserts three Title VII claims for disparate treatment, harassment, and retaliation arising out of his employment as a courtroom assistant for the City of Aurora's judicial department. Plaintiff seeks lost wages and benefits, compensatory damages for future pecuniary loss, humiliation, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, costs, and attorney's fees. (*Id.* at 17.)

On January 3, 2011, Plaintiff filed a second suit against the City of Aurora in Hill II. (*See* Hill II, Doc. No. 1.)  In the second suit he alleges substantially similar facts as in Hill I, asserts the same three Title VII claims and seeks the same relief.  In addition, the Hill II Complaint includes factual allegations involving defense counsel, Timothy Schimberg, and asserts that these allegations support his retaliation claim.

On March 7, 2011, Defendant filed in Hill I "Defendant's Rule 42(a) Motion to Consolidate" the two actions, arguing that they are duplicative, as they involve the same claims against the same defendant in the same court.  (Hill I, Doc. No. 72 [Motion to Consolidate] at ¶ 4.)  Defendant asserted that the only difference in the two actions was the inclusion of allegations regarding defense counsel, which Defendant contends are designed to "besmirch and disqualify" defense counsel and place economic pressure on Defendant by raising the possibility of substitute counsel.  (*Id.* at ¶ 5.)  Defendant suggested that, rather than file a second lawsuit, the proper procedure was for Plaintiff to seek leave to amend his complaint in Hill I to add the factual allegations.  (*Id.* at ¶ 8.)  Defendant simultaneously filed in Hill II "Defendant's Combined Rule 12(f) Motion to Strike, Rule 12(b)(6) Motion to Dismiss, § 1927 Motion for Costs,  and Notice of the Motion to Consolidate."  (Hill II, Doc. No. 8 [Motion to Strike].)  Defendant sought to have Plaintiff's entire complaint in Hill II stricken as redundant of the complaint in Hill I, or dismissed for violating the judicial rule against claim splitting, or in the alternative, consolidated with Hill I.

Rather than respond to Defendant's Motion to Consolidate in Hill I, or Motion to Strike in Hill II, Plaintiff filed motions to amend the complaint in both actions.  Plaintiff asserts that he

filed the motions to amend in both cases "[i]n order to address the 'issues' raised in [Defendant's Motion to Consolidate and Motion to Dismiss], as well as clarify the factual and cause of action differences between [the two cases]." (Hill I, Doc. No. 77 at 2; Hill II, Doc. No. 19 at 2.) As to the Motion to Amend in Hill I, Defendant argues that it "is another transparent and impermissible attempt to split his interrelated Title VII claims against the City of Aurora into two separate actions," and notes that, rather than add new allegations to the Hill I complaint, Plaintiff seeks to remove allegations regarding Plaintiff's termination from employment from the Hill I Complaint and assert them in Hill II. (Hill I, Doc. No. 80 at 2.) Defendant suggests that an order consolidating the two cases renders the proposed amendments futile. (*Id.*) As to the Motion to Amend in Hill II, Defendant contends that the only change in Plaintiff's proposed complaint in Hill II is that Plaintiff adds a fourth claim for relief under Title VII for wrongful termination. (Hill II, Doc. No. 22 at 2.) Defendant argues that Plaintiff already incorporated facts regarding his termination into his third claim for relief based on retaliation so wrongful termination claim is entirely subsumed within his prior retaliation claim and the amendment is unnecessary. (*Id.* at 3.) Defendant also argues that, because Hill II is duplicative and should be stricken or dismissed in its entirety, the amendment is futile. (*Id.* at 4.)

On June 8, 2011, District Judge Phillip A. Brimmer granted Defendant's Motion to Consolidate. (Hill I, Doc. No. 90.) The consolidation of the two actions renders moot Plaintiff's motions to amend for purposes of "clarify[ing] the factual and cause of action differences between [the two cases]." Therefore, it is

3

ORDERED that Plaintiff's "Motion for Leave to File (Amended) Complaint" filed in Civil Action No. 10-cv-01134-PAB-KMT(Doc. No. 77) is DENIED AS MOOT; it is further

ORDERED that Plaintiff's "Motion for Leave to File (Amended) Complaint" filed in Civil Action No. 11-cv-00010-MSK-KMT (Doc. No. 19) is DENIED AS MOOT; it is further

ORDERED that, no later than June 21, 2011, Plaintiff shall file an amended complaint consolidating the factual allegations and causes of action previously contained in the complaints from both Hill I (10-cv-01134-PAB-KMT, Doc. No. 1) and Hill II (11-cv-00010-MSK-KMT Doc. No. 1). This consolidated complaint will become the operative complaint in this matter. Plaintiff is advised that this order does not constitute leave to include the amendments he proposed in his motions to amend, and the court will strike the amended complaint if it determines that such amendments have been included; it is further

ORDERED that, after filing such a consolidated complaint, Plaintiff may again seek leave to add his proposed amendments by filing a motion to amend no later than June 28, 2011.

Dated this 14th day of June, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge