IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01134–PAB–KMT

GEORG K. HILL,

    Plaintiff,

v.

THE CITY OF AURORA, COLORADO, a municipal corporation,

    Defendant.

---

## ORDER

---

This matter comes before the court on "Defendant's Itemized Accounting of Costs, Including Attorneys' Fees, per Magistrate's Order Dated June 1, 2011 [Doc. No. 88]" ("Notice") filed on June 20, 2011.  (Doc. No. 92.)  "Plaintiff's (Amended) Response to [Doc. No. 92]" (Doc. No. 103) ("Resp.") was filed on July 6, 2011 and Defendants' Reply in Support of "Defendant's Itemized Accounting of Costs, Including Attorneys' Fees, per Magistrate's Order Dated June 1, 2011 [Doc. No. 88]" was filed on July 22, 2011.  (Doc. No. 110.)

### *Background*

On April 28, 2011, Defendant filed three discovery motions:  "Defendant's Fed. R. Civ. P. 37 Motion to Compel Answers to Defendant's First Set of Interrogatories" (Doc. No. 83); "Defendant's Fed. R. Civ. P. 37 Motion to Compel the Deposition of Plaintiff" (Doc. No. 84);

and "Defendant's Fed. R. Civ. P. 37 Motion to Compel Plaintiff to Respond To Defendant's Second Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents to Plaintiff" (Doc. No. 85). The motions were referred to this court by District Judge Philip A. Brimmer for ruling on the same day. (Doc. No. 86.) Having recognized early in the case that deadlines and other obligations attendant to pursuing a federal matter would need to be clearly communicated to counsel, this court issued a Minute Order setting forth a briefing schedule consistent with the requirements of D.C.COLO.LCivR 7.1C for the three pending motions and set the matter for hearing after all briefing was complete. (Doc. No. 87.)[1] Plaintiff was ordered to file his response to the three motions on or before May 20, 2011. (Minute Order, Doc. No. 87.)

On June 1, 2011, eleven days after plaintiff had been ordered to file his responses to the pending motions, the court noted that Plaintiff had not filed a response to any of the motions. The court therefore concluded "that the Plaintiff does not object to the relief requested and confesses the motions." (Order, Doc. No. 88.) *See* Fed. R. Civ. P. 37(b)(2) (sanctions for non-compliance with discovery include that designated facts may be taken as established). Additionally, this court, after analyzing the facts before it pursuant to Fed. R. Civ. P. 26 and 37, found there was "no showing whatsoever that plaintiff was substantially justified in not

---

[1] This court does not grasp Plaintiff's argument that this briefing schedule, providing particular and specific dates by which responses and replies must be filed to the three pending motions and setting a hearing date after full briefing could possibly be confusing or done in "cart before the horse" fashion. (Resp. at 1-2.) In the court's experience, requiring counsel to comply with the Local Rules and allowing each side to fully brief motions *prior to* conducting any hearing would be the usual and customary manner of proceeding with discovery disputes.

providing the discovery or in opposing the motions to compel" and awarded costs as mandated by Rule 37.

Defendant thereafter filed its itemized accounting herein and the court allowed Plaintiff to file any response regarding the reasonableness of Defendant's Itemized Account on or before June 28, 2011. (Minute Order, Doc. No. 93.) The date for Plaintiff's response was later extended upon his request to July 5, 2011. (Doc. No. 96.) The response was timely filed.[2]

*Analysis*

Defendant requests fees and costs in the amount of $4,130.00 for the preparation and filing of Doc. Nos. 83, 84 and 85. (Notice ¶ 3.) Hours billed for attorney Schimberg were a total of 13.9 at $220.00 per hour. Additionally, 6.7 hours were billed as attributable to Scott W. Drusch. associate attorney, at $160.00 per hour. (Affidavit of Timothy P. Schimberg, Notice, Ex. A.) The Affidavit was supported by detailed, itemized billing records submitted by Mr. Schimberg that represented the invoiced billing submitted to his client for the concomitant work. (*Id.*, Ex. A-3.) The professional resumes of Mr. Schimberg and Mr. Drusch were also attached. (*Id.*, Ex. A-1 and A-2.)

In *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating:

To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this

---

[2] Plaintiff filed his response on July 5, 2011 and on July 6, 2011 filed his Amended Response.

lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate." *Id*. at 1281. The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," *id.*; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc*., 295 F.3d 1065, 1078 (10th Cir. 2002).

Unfortunately, Plaintiff has chosen not to address either of the components under which the court must base a decision, choosing instead to malign the court and opposing counsel in an attempt to cast blame upon others for his own failure to abide by both the court's explicit order and D.C.COLO.LCivR 7.1C. In the small part of Plaintiff's response that deals with the "merits" of his position as opposed to his character assassination, he contends that attorney fees should not be awarded in light of the holdings of the Tenth Circuit in *Houston v. Norton*, 215 F.3d 1172 (10th Cir. 2000) and the United States Supreme Court in *Hughes v. Rowe*, 449 U.S. 5, 14-16 (1980).[3] The court rejects this argument.

Based on the court's experience with the fees and rates of attorneys practicing in the District of Colorado federal court, the court finds the hourly rates charged by the associate

---

[3] Plaintiff's reliance on these two cases is sorely misplaced. Both cases dealt with an award of fees and/or costs against a plaintiff, proceeding *pro se*, in a Section 1983 civil rights case whose case was dismissed on summary judgment, not a represented Plaintiff in an employment matter where the fees and costs awarded relate to Fed. R. Civ. P. 37 discovery. Further, the Supreme Court held that fees <u>could</u> be awarded against the *pro se* civil rights plaintiff if certain findings were made. Given the different structure of this case such findings are inapplicable.

attorney and Mr. Schimberg are reasonable and in line with, or below, prevailing market rates. Further, the hours expended are also reasonable given the number of discovery issues presented. Presumably Plaintiff does not disagree on this issue – reasonableness of the hours expended and the hourly fees charged – since he filed no objection directly related to the reasonableness of the fees in any manner whatsoever.

The remaining issue for this court, then, is whether the previously awarded discovery sanctions should be awarded against "the disobedient party, the attorney advising that party, or both." Fed. R. Civ. P. 37(b)(2)(C). When an attorney is representing a client, it is incumbent upon the attorney to calendar and track response dates and other court matters which are date or time sensitive. Apparently, from the arguments of Plaintiff after-the-fact, Plaintiff did not intend to confess the motions to compel. It appears that his counsel simply ignored the court's order to file a response.[4] Therefore, the court concludes that the sanctions of $4,130.00 must be awarded against the attorney advising the party, Derek W. Cole.

Therefore, it is ORDERED

Sanctions in the amount of $4,130.00 are hereby awarded to the Defendant and against

---

[4] Again, somewhat imponderably, Mr. Cole alleges that his failure to file a response as required is the Court's fault for issuing a Minute Order providing him with a date certain by which he must file a response and a date and time for a hearing after the responses and replies were filed and the matter at issue. (Resp. at 1.)

Plaintiff's counsel Derek W. Cole. Sanctions shall be remitted in full on or before September 3, 2011.

Dated this 3rd day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge