IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01134–PAB–KMT

GEORG K. HILL,

    Plaintiff,

v.

THE CITY OF AURORA, COLORADO, a municipal corporation,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's (Opposed) Motion For: As a Matter of "Necessity," and Consistent with Plaintiff's Rights Under the United States Constitution and Rule 1, Federal Rules of Civil Procedure, a Motions Hearing, Wherein the Court (1) Regains Control of Plaintiff's Cases, and (2) Clarification of Plaintiff's Request for Plaintiff's Attorney to Withdraw" [Doc. No. 155, filed September 4, 2011] and "Attorney Derek W. Cole's (Verified) Motion for: Relief from Orders [Doc. Nos. 119 and 123]"[Doc. No. 151, filed August 31, 2011] and "Plaintiff's Counsel's Motion to Withdraw from Case" [Doc. 120, filed August 9, 2011].

On April 28, 2011, Defendant moved to compel Plaintiff to respond to written discovery and to compel Plaintiff to sit for deposition. [Doc. Nos. 83, 84, and 85.] This court set the motions for hearing on June 6, 2011, and required that Plaintiff file his responses on or before

May 20, 2011.[1] (Minute Order entered April 29, 2011 [Doc. No. 87].) The plaintiff failed to file any responses to the motions.

On June 1, 2011, twelve days after the plaintiff's responses were due, this court granted the three motions to compel[2] filed by the Defendants and vacated the hearing, finding that no issues appeared to be in dispute since the plaintiff had not responded to the motions as ordered. [Doc. No. 88.] Further, the court found that after consultation with Defendant's counsel, Plaintiff had professed to object to the relief requested by the defendant, thus requiring court intervention. (*Id.*) The court found that Fed. R.. Civ. P. 37 required the imposition of sanctions as compensation for requiring the Defendant to prepare and file the apparently uncontested motions. (*Id.*)

Defendant filed its cost accounting pursuant to the court's order [Doc. No. 92], to which Plaintiff responded on July 5, 2011 [Doc. No. 102] and July 6, 2011 [Doc. No. 103]. Defendant filed its Reply on July 22, 2011, and the court entered an order awarding fees and costs pursuant

---

[1] The May 20, 2011 date set by the court for a response was 22 days after the motions were filed. *See*, D.C.COLO.LCivR 7.1C. (providing a period of 21 days following the filing of a motion within which to respond) and D.C.COLO.LCivR 5.2E. (If a document is electronically filed and thereby electronically served, the time to respond or reply shall be calculated from the date of electronic service, regardless of whether other means of service are also used by the filing party."). However, pursuant to Fed. R. Civ. P. 6(d), had the court not issued the briefing schedule, the twenty-one day period of 7.1C. would be extended by three days, rendering a response due on May 22, 2011, a Sunday, resulting in a response due date of May 23, 2011. As noted, however, the distinction in the dates is irrelevant because not only is the court entitled to shorten the time period for responsive pleadings, but, as noted, by June 1, 2011, 34 days after the motions were filed, a responsive pleading still had not been filed.

[2] These orders were upheld after objection by District Court Judge Philip A. Brimmer on August 25, 2011. [Doc. No. 142.]

2

to the mandatory compensatory provisions of Rule 37 against Plaintiff's attorney in the amount of $4,130.00. [Doc. No. 119, filed August 3, 2011.][3]

Attorney Derek Cole filed his Motion to Withdraw as Counsel six days later on August 9, 2011, stating as grounds, "This motion is based upon Plaintiff's decision, demand, and/or request; as is the (inherent and absolute) prerogative of each and every client to make such decision(s), demand(s), and or request(s)." [Doc. No. 120 at ¶ 5.] This court took the matter under advisement, requiring that Attorney Cole provide the court with a "certificate of compliance indicating discharge of his payment obligation pursuant to the Court's Order of August 3, 2011" on or before August 31, 2011. (Order dated August 10, 2011 [Doc. No. 124].) Plaintiff filed his objections to the August 10, 2011 Order on August 27, 2011 [Doc. No. 145], and those objections were overruled by District Judge Brimmer on September 1, 2011 [Doc. No. 153].

Now, on the deadline by which Attorney Derek Cole was to file a certification of compliance with his obligation to reimburse Defendant for the costs incurred pursuant to Fed. R. Civ. P. 37, Mr. Cole filed a notarized Motion requesting relief from his obligations, claiming he is without sufficient funds to pay the sanction. (Mot. at ¶¶ 8-9.)[4] Mr. Cole, however, does not

---

[3] Plaintiff filed multiple objections to the court's August 3, 2011 Order awarding sanctions [Doc. Nos. 137, 138 and 139]; however those objections were overruled by District Judge Brimmer on August 25, 2011. [Doc. No. 142.]

[4] The court notes that the majority of the motion appears to be another in a long line of attacks on the court decrying the fact that the court did not make a determination prior to imposing the sanctions that the attorney had the ability to pay the sanction. Mr. Cole is apparently confused and cites law applicable to contempt sanctions. Mr. Cole was not held in

indicate that he has made any effort to arrange for terms under which his obligation could be effectively discharged, including such alternatives as arranging for a short term loan or providing scheduled payments to the Defendant under specified conditions.  Mr. Cole fails to recognize, apparently, that the court's sanctions represent a debt for which methods other than a lump sum payment may be available.

While the court recognizes the general rule that "a client may, at any time, terminate the relation between himself and his attorney and have other counsel substituted, with or without cause," *Barry v. Ashley Anderson, P.C.*, 718 F. Supp. 1492, 1494 (D. Colo. 1989), Mr. Cole continues to craft pleadings for Plaintiff Hill to file *pro se*, such as the now stricken double filing of "Plaintiff's Motion For: As a Matter of "Necessity," and Consistent with Plaintiff's Rights Under the United States Constitution and Rule 1, Federal Rules of Civil Procedure, a Motions Hearing, Wherein the Court (1) Regains Control of Plaintiff's Case(s), and (2) Clarification of Plaintiff's Request for Plaintiff's Attorney to Withdraw" [formerly Doc. Nos. 146 and 148].[5]  It appears, therefore, that the rather vague wording in the motion to withdraw insinuating that

---

contempt by the court; he merely was required to reimburse the Defendant for costs incurred in preparing and filing discovery motions, all granted by the court, subsequent to a finding that Mr. Cole failed to raise any defense to the alleged discovery failures.  *See* Fed. R. Civ. P. 37(a)(5), advisory committee notes 1970 ("expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to the court").

[5] Not only is Mr. Cole's writing style distinctive, but also on page one the certification reads that the "undersigned counsel" attempted a conferral with the Defendant and additionally Derek W.Cole actually signs the pleading under Mr. Hill's signature.

Plaintiff Hill has requested that Mr. Cole withdraw from the case – for reasons other than jettisoning Mr. Cole's sanction burden – is suspect.

Finally, the court finds "Plaintiff's (Opposed) Motion For: As a Matter of "Necessity," and Consistent with Plaintiff's Rights Under the United States Constitution and Rule 1, Federal Rules of Civil Procedure, a Motions Hearing, Wherein the Court (1) Regains Control of Plaintiff's Cases, and (2) Clarification of Plaintiff's Request for Plaintiff's Attorney to Withdraw" [Doc. No. 155] to be unintelligible. As best as the court can decipher, Plaintiff requests a hearing to argue once again matters that have been ruled upon by this court and upheld by District Judge Brimmer. There are no grounds to repeatedly plow this never-ending field.

Therefore, it is **ORDERED**

1. "Attorney Derek W. Cole's (Verified) Motion for: Relief from Orders . . . " [Doc. No. 151] is **GRANTED IN PART** as follows:

    a. Attorney Derek W. Cole will meet with attorney Timothy Schimberg and/or any other representative of Defendant deemed advisable on or before **September 19, 2011** and negotiate a payment plan under which he may discharge the $4,130.00 sanction debt owed to Defendant. Both parties are directed to act in good faith and negotiate a fair and equitable payment arrangement.

    b. On or before **September 22, 2011**, Mr. Cole shall file with the court the stipulated payment plan for the court's approval.

2. "Plaintiff's Counsel's Motion to Withdraw from Case" [Doc. No. 120] will continue to be **TAKEN UNDER ADVISEMENT** until such time as the payment plan is approved by the court.

3. "Plaintiff's (Opposed) Motion For: As a Matter of "Necessity," and Consistent with Plaintiff's Rights Under the United States Constitution and Rule 1, Federal Rules of Civil Procedure, a Motions Hearing, Wherein the Court (1) Regains Control of Plaintiff's Cases, and (2) Clarification of Plaintiff's Request for Plaintiff's Attorney to Withdraw" [Doc. No. 155] is **DENIED**.

Dated this 6th day of September, 2011.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge