IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00010-PAB-KMT
(*consolidated with 10-cv-01134-PAB-KMT*)

GEORG K. HILL,

    Plaintiff,

v.

THE CITY OF AURORA, COLORADO, a municipal corporation,

    Defendant.

## ORDER

    This matter is before the Court *sua sponte*. On June 8, 2011, the Court consolidated this action with Civil Action No. 10-cv-01134-PAB-KMT because, in each, plaintiff alleged substantially similar facts against the same defendant. *See* Docket No. 24. In Civil Action No. 10-cv-01134-PAB-KMT, plaintiff was ordered to "file an amended complaint consolidating the factual allegations and causes of action previously contained in the complaints" from both consolidated cases, *see* Docket No. 164 in No. 10-cv-01134-PAB-KMT, which plaintiff has now done. *See* Docket No. 169 in No. 10-cv-01134-PAB-KMT. Therefore, the Court discerns no reason to keep the present matter open during the pendency of Civil Action No. 10-cv-01134-PAB-KMT and will administratively close it pursuant to D.C.COLO.LCivR 41.2. In the event there is a reason that this case remain open, the parties may seek to have it reopened for good

cause.  *See* D.C.COLO.LCivR 41.2.[1]

For the foregoing reasons, it is

**ORDERED** that this case is administratively closed.

DATED January 30, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] To the extent defendant might seek to renew its request for attorney's fees, *see* Docket No. 32 at 2 (denying a request for fees for failure to comply with D.C.COLO.LCivR 54.3), the Court is empowered to address such collateral matters and will continue to have jurisdiction even after a dismissal and entry of judgment.  *See Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1218 (10th Cir. 2010) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)); *cf. Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) ("[T]he court may, notwithstanding dismissal of the underlying action, . . . impose attorney's fees . . . .") (citations and footnote omitted). Moreover, as noted, D.C.COLO.LCivR 41.2 permits the Court to reopen administratively closed matters for good cause.